**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA,
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **LINDA DICKENS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **v.** | * | **Civil Action No. 1:20-cv-20-461** |
| | * | |
| **MABO INVESTMENTS, LLC;** | * | |
| **POPEYE'S LOUISIANA** | * | |
| **KITCHEN, INC.,** | * | **Removed from Mobile County Circuit** |
| | * | **Court, CV-2020- 901732** |
| | * | |
| **Defendants.** | * | |

**TO:  THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE
        SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION:**

This Notice of Removal of the Defendants, Mabo Investments, LLC and Popeyes Louisiana Kitchen, Inc, respectfully shows:

1.      On or about the 17ᵗʰ day of August, 2020, an action was filed against the Defendants/Petitioners in the Circuit Court of Mobile County, Alabama, entitled *Linda Dickens v. Mabo Investments, LLC and Popeye's Louisiana Kitchen, Inc.,* Civil Action No. CV-2020-901732.  Service of a Complaint and Summons upon Mabo Investments, LLC and Popeye's Louisiana Kitchen, Inc. was perfected August 21, 2020.   (Copies of the Complaint and Summonses, are collectively attached hereto as Exhibit "A"; A record of service for each Defendant is attached hereto as Exhibit "B").

2.      Removal is timely.   Service was made upon these Defendants on August 21, 2020. [Exhibit "B"].   Removal is filed within thirty (30) days of the date on which this case became removable, and is thus timely.   28 U.S.C. §1446(b).

3.      This is a premises liability case in which Plaintiff, Linda Dickens, alleges that she was caused to trip and fall as a result of an object in Defendants' entryway, and as a result, that

she was caused to suffer severe personal and bodily injury, pain, mental anguish, past and future medical expenses and other damages. [Ex. A, Compl., ¶ 7]  Plaintiff seeks both compensatory and punitive damages resulting Defendant's alleged negligence and wantonness.   [Ex. A, Compl.]

4.      There is complete diversity of the parties. The above-described action is a civil action of which this Court has jurisdiction under the provision of Title 28, United States Code, §1332, and is one which may be removed to this Court by Mabo Investments, LLC and Popeyes Louisiana Kitchen, Inc. pursuant to the provisions of Title 28, United States Code, §1441, as amended.    As explained further herein, for purposes of removal, Plaintiff is a citizen of the State of Alabama, Defendant Mabo Investments, LLC is a citizen of the States of Louisiana and Texas and Defendant Popeyes Louisiana Kitchen, Inc. is a citizen of the States of Florida and Minnesota.

Upon information and belief, the Plaintiff is a resident of Mobile County, Alabama. [Compl., ¶1].  Defendant, Mabo Investments, LLC is a foreign limited liability company with five members, GLAMR Management, LLC, Marks RD, LLC, R. Spencer Marks, GLAMR Ventures, Inc., and Brembeda Capital, LLC. [Ex. C, Cabo Affidavit]

1.   GLAMR Management LLC is a limited liability company comprised of the six members, all individuals:

    a.  Michael Carbo, a resident of Alexandria, Louisiana

    b.  Virginia Carbo, a resident of Baton Rouge, Louisiana

    c.  Charles L. Carbo Jr., a resident of Shreveport, Louisiana

    d.  Charles L. Carbo III, a resident of Houston, Texas

    e.  Aline Godfrey, a resident of Natchitoches, Louisiana

    f.  Richard Carbo, a resident of Baton Rouge, Louisiana.

2.      Marks RD, LLC, is a limited liability company comprised of two members, both individuals:

       a. Jessica Luparello, a resident of Baton Rouge, Louisiana.

       b. R. Spencer Marks, a resident of Baton Rouge, Louisiana.

3.      R. Spencer Marks, an individual who is a resident of Baton Rouge, Louisiana.

4.      GLAMR Ventures, Inc, a corporation incorporated in the State of Louisiana with its principal place of business in Louisiana.

5.      Brembeda Capital, LLC is a limited liability company whose sole member is Michael Carbo, an individual who is a resident of Baton Rouge, Louisiana.

[Ex. C, Cabo Affidavit]

The Eleventh Circuit in *Rolling Greens MHP L.P. v. Comcast SCH Holdings L.L.C.,* 374 F.3d 1020, 1022 (11th Cir. 2004) held that for purposes of diversity jurisdiction, a limited liability company would be attributed to the citizenship of each of its members. Defendant, Mabo Investments, LLC's members are residents of Texas and Louisiana, or incorporated with a principal place of business in Louisiana.   Therefore, for purposes of removal, Defendant, Mabo Investments, LLC is a citizen of the States of Louisiana and Texas.   28 U.S.C. §1332(c)(1).   The Defendant Popeyes Louisiana Kitchen, Inc. is a Minnesota corporation with its principal place of business in Miami, Florida. [Ex. D, Affidavit of Ryan Kesteris] Therefore, Defendant Popeyes Louisiana Kitchen, Inc. is a citizen of the States of Florida and Minnesota for removal purposes. The remaining Defendants identified in Plaintiff's Complaint are fictitious parties.   Pursuant to 28 U.S.C. §1441(b), the citizenship of Defendants sued under fictitious names shall be disregarded. 28 U.S.C. §1441(b).   [A copy of the entire state court file is attached hereto as Exhibit "E"].

5.      The amount in in controversy in this case exceeds the jurisdictional minimum for diversity jurisdiction.   This is an "other paper" removal made pursuant to 28 U.S.C. §1446(c)(3). Prior to the time suit was filed, Plaintiff's counsel issued a settlement demand in the amount of $750,000.00, an amount that exceeds the required minimum amount in controversy by $75,000.00.   [Settlement Demand Letter, attached as Exhibit F]. This demand is predicated upon medical expenses alleged to be related in the amount of $135,345.37.[1]

A settlement letter is admissible evidence of the amount in controversy at the time of removal.   McCullough v. Plum Creek Timberlands, L.P., 2010 U.S. Dist. LEXIS 23, *12, citing Bankhead v. Am. Suzuki Motor Corp., 529 F.Supp.2d 1329, 1333 (M.D. Ala 2008); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). Settlement offers "count[] for something" in determining whether a plaintiff's claim exceeds the jurisdictional requirement of $75,000, exclusive of interest and cost. Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 (11th Cir. 1994). This Court has held that a settlement demand is actually relevant evidence of the amount in controversy if it includes specific information to reflect a reasonable estimate of the plaintiff's claim. Jackson v. Select Portfolio Servicing, Inc., 651 F. Supp. 2d 1279, 1281 (S.D. Ala. 2009) (citation omitted). "[S]ettlement offers that provide 'specific information . . . to support [the plaintiff's] claim for damages' suggest the plaintiff is 'offering a reasonable assessment of the value of [his] claim' and are entitled to more weight." Benandi v. Mediacom Southeast, LLC, 2011 U.S. Dist. LEXIS 125084, 2011 WL 5077403. *2 (S.D. Ala. Sept. 30, 2011) citing Golden Apple Mgmt. Co. v. Geac Computers, Inc., 990 F.Supp. 1364, 1368 (M.D.

---

[1]  More than 800 pages in medical records and billing were supplied along with the settlement demand letter. Those supporting documents are not included in this Notice of Removal because the specials claimed in the demand letter exceed $135,000.00.   The demand letter also contains a description of medical treatment required in injuries alleged by Plaintiff.   If this Honorable Court would like to review the supporting medicals, the undersigned will file them under seal.

Ala. 1998).

Here, the settlement demand was not simply a bald demand for a lump sum.   Plaintiff's Counsel's pre-suit settlement demand of February 20, 2020, not only includes a settlement demand of $750,000.00 to resolve this case, but references medical expenses of $135,345.37 which are alleged to be related to the accident made the basis of this suit.   [Ex. F]   That letter also discusses in detail the nature of the injuries alleged, which include pain and bruising to Ms. Dickens' entire body, particularly her face and head, severe headaches and blurred vision, right knee pain and back pain. [Ex. F] The treatment she alleges to be related includes injections to her back, left hip and left knee as well as a lumbar laminectomy and lumbar spinal fusion at L2-L5 followed by physical therapy. [Ex. F] In addition, the letter explains that Ms. Dickens continues to have difficulty walking, experiences weakness in her left hip and leg, and that these issues interfere with her activities of daily living. [Ex. F]   The Complaint in this states that Plaintiff has incurred medical bills as a result of this accident, presumably the medical bills referred to in the settlement demand letter. [Compl., ¶7]   Because of this, the settlement demand is relevant to the amount in controversy.

In addition to compensatory damages, the Plaintiff demands punitive damages in her Complaint.   [Compl., p. 2] "Punitive damages must be considered when determining the jurisdictional amount in controversy in diversity cases."   McKeel v. Hodum Trucking, LLC, 2012 U.S. Dist. LEXIS 93781, *7-8 citing Rae v. Perry, 392 Fed. Appx. 753,755 (11th Cir. 2010), citing Holley Equip Co. v. Credit Alliance Corp., 821 F.2d 1531, 1535 (11th Cir. 1987). At the time the settlement demand was made, there was no mention of the recovery for punitive damages being considered as part of the demand.

Based upon the foregoing, the amount in controversy appears to be in excess of $75,000.00.

6.      A jury is demanded in Plaintiff's Complaint.

7.      Copies of all pleadings and orders from the State Court matter are attached to this notice.  [Exhibit E].  Contemporaneously with the filing of this Notice of Removal, Mabo Investments, LLC and Popeyes Louisiana Kitchen, Inc. have filed a Notice of Removal with the Circuit Court of Mobile County, Alabama. [A copy of which is attached hereto as Exhibit G].

**WHEREFORE**, Mabo Investments, LLC and Popeyes Louisiana Kitchen, Inc. pray that the above action now pending against it in the Circuit Court of Mobile County, Alabama be removed therefrom to this Court.

Respectfully Submitted,

*/s/ Caroline T. Pryor*
CAROLINE T. PRYOR (PRYOC2802)
GLENN E. IRELAND (ASB-4158-e51g)
ZACHARY R. WEAVER (ASB-7432-A64W)
Attorneys for Defendants

**OF COUNSEL:**
CARR ALLISON
6251 Monroe Street, Suite 200
Daphne, AL 36526
(251) 626-9340
(251) 626-8928 Fax
cpryor@carrallison.com
cireland@carrallison.com
zweaver@carrallison.com

## **CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 18th day of September, 2020, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following and that I hereby certify that I have mailed by placing a copy of same in the United States Mail, first-class postage prepaid and properly addressed to those non-CM/ECF participants:

Jack Smalley, III
LONG & LONG, PC
P. O. Box 2746
Mobile, AL 36652
Trip@longandlong.com

Alabama Attorney General
11 South Union Street
Montgomery, Alabama 36130

*/s/ Caroline T. Pryor*_____
CAROLINE T. PRYOR